LORAIN EDUCATION ASSOCIATION, APPELLANT, *v.*
LORAIN CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as Lorain Edn. Assn. *v.* Lorain City School Dist. Bd. of Edn. (1989), 46 Ohio St. 3d 12.]

(Nos. 88-267 and 88-1383—Submitted April 4, 1989—Decided October 4, 1989.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Randall Vehar,* for appellant.

*Warhola, O'Toole, Loughman, Fetterman & Alderman, Michael J. Loughman* and *Caryn G. Pass,* for appellees Lorain City School District Board of Education and Thomas A. Ballish.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Vincent T. Lombardo,* for appellee State Employment Relations Board.

SWEENEY, J. LEA contends that the decision of SERB to defer the instant dispute to arbitration is a final appealable order. However, as observed previously, the deferral order is not the subject of the appeals currently before this court. The present controversy arises in the context of SERB's denial of LEA's motion for reconsideration of the deferral order and its subsequent denial of the motion to vacate the order. The appeals of the deferral order itself apparently remain pending in the Franklin County and Lorain County Courts of Common Pleas. Accordingly, only the denial of these motions on jurisdictional grounds is currently presented for our review.

R.C. 4117.12(D) governs the jurisdiction of SERB to modify a preexisting order. It provides:

*"Until the record in a case is filed in a court, as specified in Chapter 4117. of the Revised Code,* the board may at any time upon reasonable notice and in a manner it considers proper, modify or set aside, in whole or in part, any finding or order made or issued by it." (Emphasis added.)

Both a motion for reconsideration and a motion to vacate are designed to modify or set aside an earlier determination. Consequently, SERB was correct in concluding that it lost jurisdiction to act on the motions once appeals were taken to the Franklin County and Lorain County Common Pleas Courts.

This disposition of the matter is also consistent with the procedure employed with respect to other administrative appeals. Thus, in *Hal Artz Lincoln-Mercury, Inc.* v. *Ford Motor Co.* (1986), 28 Ohio St. 3d 20, 28 OBR 83, 502 N.E. 2d 590, this court observed in paragraph three of the syllabus:

"Generally, administrative agencies have inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider. The agencies retain jurisdiction to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of

specific statutory limitation to the contrary. (*State, ex rel. Borsuk,* v. *Cleveland* [1972], 28 Ohio St. 2d 224 [57 O.O. 2d 464], paragraph one of the syllabus, followed.)"

We therefore conclude that when a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary. Accordingly, SERB lost jurisdiction to alter its earlier decision once an appeal of the decision was taken by LEA.

Inasmuch as the deferral order is not the subject of this appeal, the other issues urged by appellant are not properly presented for review. While the parties have asked that this court decide whether the deferral order was a final appealable order and whether R.C. 119.12 or 4117.13(D) governs the appeal of SERB orders, these issues must be considered in the first instance by the courts in which the appeals of the deferral order are currently pending (Franklin County and Lorain County Common Pleas Courts).[1]

The judgments of the courts of appeals are therefore affirmed.

*Judgments affirmed.*

MOYER, C.J., HOLMES, H. BROWN and BROGAN, JJ., concur.

DOUGLAS and WRIGHT, JJ., separately concur.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for RESNICK, J.

DOUGLAS, J., concurring. I concur in the syllabus set forth in the majority opinion. I also concur in the ultimate judgment of the majority but for reasons different than those expressed by the majority.

A summation of the facts of this case, without dates of specific happenings, will aid in an understanding of the issues presented to us.

Appellant filed an unfair labor practice charge against appellee board of education (and principal Ballish). The State Employment Relations Board ("SERB") decided not to currently hear the charge but, instead, deferred to arbitration (pursuant to the parties' collective bargaining agreement) the issue in dispute.[2] Ap-

---

[1] We note parenthetically, however, that our decision in *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 226-227, 527 N.E. 2d 864, 866, acknowledged that R.C. 4117.13(D) sets forth a specific procedure for appeals of determinations relative to alleged unfair practices and that such procedure is exclusive of the general appeal mechanism provided in R.C. 119.12. See R.C. 4117.02(M). Accordingly, it would appear that the appropriate forum for an appeal of the SERB deferral order would be the Lorain County Court of Common Pleas since it is within that county that "the unfair labor practice in question [is] alleged to have been engaged in, or where the person resides or transacts business * * *." R.C. 4117.13(D).

[2] In SERB's order to defer this case to arbitration pursuant to the collective bargaining agreement between the parties, SERB retained jurisdiction over the case pursuant to option one of *Miamisburg School Dist. Bd. of Edn.* (Dec. 5, 1985 SERB), 3 OPER, Paragraph 3007: "* * * Should the grievance not be settled or the ULP not be withdrawn, the Board can provide a limited review of the arbitration decision under its retention of jurisdiction to determine whether the ULP issues were considered and decided in conformity with Due Process of Law in the arbitration proceeding. If the review discloses that the arbitration process has not provided procedural or substantive Due Process the Board will process the ULP. Otherwise the ULP will be dismissed." *Id.* at V11-15. In

pellant was dissatisfied with SERB's action and filed a notice of appeal in both the Franklin County and Lorain County Common Pleas Courts. In addition, appellant filed, with SERB, a "motion for reconsideration" of SERB's order. SERB denied the motion and appellant appealed this decision to the *Franklin* County Common Pleas Court. Subsequently, the Franklin County Common Pleas Court affirmed the order of SERB denying *reconsideration.* Appellant appealed to the *Tenth* District Court of Appeals.

Appellant then sought arbitration with appellee. Appellee refused. Appellant then filed a motion with SERB to "vacate" SERB's original order deferring to arbitration. SERB denied appellant's motion to vacate and appellant appealed this denial to the *Lorain* County Common Pleas Court. The Lorain County Common Pleas Court dismissed the appeal on the basis that it had no jurisdiction. Appellant appealed to the *Ninth* District Court of Appeals.

Thus, the matter before the Tenth District Court of Appeals was an appeal of the Franklin County Common Pleas Court's order affirming the denial by SERB of appellant's motion for *reconsideration* of SERB's order deferring the underlying issue to arbitration. The matter before the Ninth District Court of Appeals was an appeal of the Lorain County Common Pleas Court's order affirming the denial (dismissal) by SERB of appellant's motion to *vacate* the original order of SERB deferring the underlying issue to arbitration.

The Ninth District Court of Appeals affirmed the judgment of the Lorain County Common Pleas Court which had affirmed SERB's dismissal of appellant's motion to *vacate* on the basis of no jurisdiction. The Tenth District Court of Appeals, however, *did not* consider the subject of the appeal, to wit: the denial by SERB, and the affirmance by the Franklin County Common Pleas Court, of appellant's motion for *reconsideration.* Instead, the court of appeals reframed the issue as to whether the deferral-to-arbitration order was a final appealable order. The court of appeals found that it was not and then vacated the entire order of the Franklin County Common Pleas Court and remanded the cause to that court with instructions to dismiss appellant's appeal for lack of jurisdiction. Upon this set of facts, I believe four issues are presented for our review.

First, there is the question of whether an administrative agency (or an inferior court, for that matter) has jurisdiction to "reconsider" or "vacate" an order entered by it after that order has been appealed by the filing of a notice of appeal with the next higher tribunal. The majority opinion, in its syllabus, properly deals with this issue and I concur in that judgment.

Second, there is the question of whether denial of a motion to "reconsider" or denial of a motion to "vacate" (not made pursuant to Civ. R. 60[B]) is a final appealable order. Pursuant to R.C. 2505.02, as it read in the time frame in question, an order that affects "* * * a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * * is a final order * * *." According to R.C.

---

the first option, procedural due process is defined to require notice and fair hearing. Substantive due process is defined to im-plicate a fair and accurate application of statutory and substantive constitutional rights. *Id.*

2505.03, "[e]very final order * * * may be reviewed * * *."

A "substantial right" is a " '* * * legal right entitled to enforcement and protection by law[.]' * * *'" (Citation omitted.) *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 88, 541 N.E. 2d 64, 67.

A special proceeding is "* * * an action not recognized at common law nor part of our standard civil practice. It is one that has been brought about by specific legislation which creates a special type of action. Examples would be forcible entry and detainer, declaratory judgment, appropriation * * *." *Stewart* v. *Midwestern Indemn. Co.* (1989), 45 Ohio St. 3d 124, 128, 543 N.E. 2d 1200, 1204 (Douglas, J., dissenting).

R.C. Chapter 4117 does not provide for either a motion to vacate or a motion for reconsideration to be filed with SERB after SERB has issued a ruling involving an unfair labor practice charge. Likewise, in a trial court, a motion for reconsideration is not allowed either expressly or implicitly after a final judgment. This court has found a motion for reconsideration to be a nullity because Civ. R. 60(B), in pertinent part, states that: "* * * the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." The Civil Rules only allow for relief from final judgments by means of a motion notwithstanding the verdict (Civ. R. 50[B]), a motion for a new trial (Civ. R. 59), or a motion for relief from judgment (Civ. R. 60[B]). *Pitts* v. *Dept. of Transporta-*

*tion* (1981), 67 Ohio St. 2d 378, 21 O.O. 3d 238, 423 N.E. 2d 1105. Hence, since a motion for reconsideration is not recognized and, in any event, does not meet any of the prongs of R.C. 2505.02, a denial of such a motion does not present a final appealable order. The same would be true for a bare "motion to vacate." Accordingly, the Lorain County Common Pleas Court and the Ninth District Court of Appeals were correct in dismissing appellant's appeals on the basis of lack of jurisdiction. No "final order" from which to appeal existed. Therefore, the majority herein is also correct in affirming the judgment of the Ninth District Court of Appeals.

It is true that a motion for reconsideration is expressly provided for by App. R. 26.[3] Even though the rule allows such a motion after a final judgment of a court of appeals, "* * * [t]he filing * * * does not extend the time for filing a notice of appeal in a court of appeals." App. R. 26. App. R. 26 implies that a motion for reconsideration filed in a court of appeals is not a final appealable order.

Since a motion for reconsideration filed in a trial court or a court of appeals is not a final appealable order, then it follows that a motion for reconsideration or a motion to vacate brought before an administrative agency, a quasi-judicial body, would also obviously not be a final appealable order.

Third, there is the question of whether a "deferral to arbitration" by SERB is a final appealable order. Contrary to the majority opinion, this issue

---

[3] App. R. 26 states:

"Application for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later. The filing of an application for reconsideration does not extend the time for filing a notice of appeal in a court of appeals. * * *"

is before us because the Tenth District Court of Appeals, rather than deciding the issue that was really before it, to wit: the denial of the motion for reconsideration, decided that the issue was whether SERB's decision of "referral to arbitration" was a final appealable order. The Tenth District Court of Appeals concluded that it was not and thus the trial court had no jurisdiction. The trial court's order was vacated and the trial court was ordered to dismiss appellant's appeal for lack of jurisdiction. The majority opinion herein affirms this judgment of the court of appeals.

While the ultimate decision of the court of appeals (and now this court) is correct, it is not correct that the judgment of the court of appeals should be affirmed on the reasoning set forth in that opinion. The deferral-to-arbitration issue was not properly before the court. In fact, that very issue is presently pending before the common pleas courts of both Franklin and Lorain Counties. There will be time enough to answer the question of whether deferral to arbitration by SERB is a final appealable order when that matter is properly presented to the trial court, the court of appeals and this court — if, in fact, it becomes necessary to litigate that issue in this case. Hopefully, because of the commitment made at oral argument by appellee's counsel that appellee was now ready to arbitrate, further litigation can be avoided.

In considering, however, whether such an order by SERB is final and appealable, it would be advisable to consider *more* than just the *first* prong, as the court of appeals did, of R.C. 2505.02. The second prong, whether the order affects a substantial right and was made in a special proceeding (see *Stewart* v. *Midwestern Indemn. Co.*, *supra*, Douglas, J., dissenting), should be considered. Also, *Enterprise*

*Publishing Co.* v. *N.L.R.B.* (C.A. 1, 1974), 493 F. 2d 1024, and *Associated Press* v. *N.L.R.B.* (C.A.D.C. 1974), 492 F. 2d 662, are persuasive here.

Perhaps most important to be considered is the statute itself. It would seem that a literal reading of R.C. 4117.13(D) would answer the question of whether the order of SERB deferring to arbitration is a final appealable order.

Appellant has filed an unfair labor practice charge. Appellee denies it has committed such a practice. SERB has, in effect, held any final determination on the charge until a condition precedent (arbitration) has taken place. Accordingly, SERB has *not* granted or denied "in whole or in part the relief sought" by appellant. In fact, SERB has, by its order, retained jurisdiction over the charge until the ordered arbitration has been completed.

Fourth, and finally, there is the question of court jurisdiction and venue over unfair labor practice charges. R.C. 4117.11, 4117.12 and 4117.13 exclusively involve unfair labor practice charges, and provide for their filing and determination. The sections also answer the jurisdiction and venue questions concerning the filing of such charges.

R.C. 4117.12(C) provides under certain circumstances that "* * * the board may petition the court of common pleas for any county *wherein the alleged unfair labor practice in question occurs* * * *." (Emphasis added.) R.C. 4117.13(A) provides that "[t]he state employment relations board or the complaining party may petition the court of common pleas *for any county wherein an unfair labor practice occurs* * * *." (Emphasis added.) R.C. 4117.13(D) provides that "[a]ny person aggrieved * * * may appeal to the court of common pleas of *any county where the unfair labor practice in ques-*

*tion was alleged to have been engaged in * * *.*" (Emphasis added.) The only exception provided in these sections is that the action may also be brought in a county where the alleged offending party resides or transacts business.

Accordingly, the proper jurisdiction and venue for appellant's appeal is the Lorain County Common Pleas Court, unless appellant can show that appellee either "resides" or transacts business in another county and, if so, only then does appellant have a choice. From the record before us, it would appear, therefore, that the appeal of SERB's order deferring to arbitration now pending before the Franklin County Common Pleas Court should be dismissed.

In accordance with the foregoing, I concur in the syllabus of the majority opinion, the judgment of the majority affirming the decision of the Ninth District Court of Appeals and the judgment of the majority affirming the decision of the Tenth District Court of Appeals, but for reasons other than those expressed in the opinions of the Tenth District Court of Appeals and the majority herein.

WRIGHT, J., concurring separately. I agree with the majority's holding that the only motions on appeal before this court were those requesting the State Employment Relations Board ("SERB") to vacate or reconsider its previous decision to defer the unfair labor practice ("ULP") to arbitration and not the original decision to defer. I also concur that once a notice of an appeal from a decision of SERB has been filed along with the record, then "the agency is divested of jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary." See R.C. 4117.12(D). I write separately only to emphasize my antipathy toward the waste of time and litigation that has been expended in this matter without resolution of the underlying labor dispute. When SERB deferred the ULP to arbitration on May 1, 1986, the matter was already two years old, which was one reason for the dissent filed by one member of the SERB board that decided to defer to the parties' contractual grievance arbitration procedure. The appellee, Lorain City School District Board of Education, in its January 13, 1987 letter to appellant, stated that it declined appellant's request to proceed with arbitration because "[t]he LEA's appeal of SERB's order through the court system has acted as a stay of said order." However, R.C. 4117.13(E) states, "[t]he commencement of proceedings under division (A) or (D) of this section does not, unless specifically ordered by the court, operate as a stay of the board's order."

Unfortunately, the record before this court reveals no request for or granting of a stay by any court. Accordingly, SERB's order to the parties to arbitrate this dispute is and has been in being, albeit not effectively, for the last three and one-half years! The salutary benefits of contractual grievance arbitration and the Public Employees' Collective Bargaining Act as codified in R.C. Chapter 4117 are frustrated by such delay. The parties should cooperate to resolve this lingering labor dispute — posthaste!