**In re CLEVELAND CLINIC FOUNDATION.**

[Cite as *In re Cleveland Clinic Found.* (1994), 94 Ohio App.3d 348.]

Court of Appeals of Ohio,
Franklin County.

No. 93APH10–1413.

Decided April 14, 1994.

*Baker & Hostetler, Richard W. Siehl* and *David Kelleher,* for appellee and cross-appellant Cleveland Clinic Foundation.

*Squire, Sanders & Dempsey, David J. Young, Robert C. Maier* and *Peter H. Mihaly,* for appellant and cross-appellee MetroHealth Medical Center.

*Lee Fisher,* Attorney General, and *Steven P. Dlott,* Assistant Attorney General, for appellee, the Ohio Department of Health.

CLOSE, Judge.

Appellant, MetroHealth Medical Center ("MetroHealth"), appeals the order of the Certificate of Need Review Board ("CONRB"), awarding a certificate of need ("CON") to the Cleveland Clinic Foundation ("Cleveland Clinic"), through adoption of the modified grant of the Ohio Director of Health ("director"). Cleveland Clinic cross-appeals, and MetroHealth raises the following assignments of error for review:

"I. The CONRB erred by failing to find that ODH was without jurisdiction to modify its original denial of the clinic's application.

"II. The CONRB erred by applying R.C. 3702.60(D) to uphold ODH's grant of a CON to the Cleveland Clinic. No findings were ever made to support the CON, and the CON is not supported by reliable, probative and substantial evidence.

"III. The CONRB erred by adopting the ODH order based upon application of R.C. 3702.60(D). Such application of the statute violated MetroHealth's constitutional due process and equal protection rights."

On August 20, 1990, Cleveland Clinic filed a CON application with the Ohio Department of Health ("ODH"), requesting that thirty-four of the facility's medical/surgical beds be recategorized as short-term physical therapy beds. That application was declared complete on October 1, 1990, making a final decision due on or before December 29. On December 18, 1990, the director informed Cleveland Clinic that the review period had been extended thirty days, thereby changing the final decision date to January 28, 1991.

On January 30, 1991, the director issued a decision denying Cleveland Clinic's application. That decision, however, was rendered one hundred twenty-two days after completion of the CON application, thereby arguably violating R.C. 3702.-52(A)(3), which provides, in pertinent part:

"The director shall grant or deny certificates of need within ninety days after an application meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.57 of the Revised Code, including issuance of a notice of completeness * * *. Except as otherwise provided in division (A)(3) of this section, the director or the applicant may extend this ninety-day time period once, for no longer than thirty days, by written notice before the end of the ninety-day period. * * * If the director does not grant or deny the certificate within the applicable time period specified in division (A)(3) of this section, the certificate shall be considered to have been granted. * * * "

Pursuant to the above provision, Cleveland Clinic asserted on appeal that, due to the untimely decision of the director, its application for the bed reclassification should be "deemed" granted and a CON should issue as a matter of law.[1]  On February 19, 1991, Cleveland Clinic timely filed a request for adjudication, seeking the CONRB's review of the January 30, 1991 denial.  However, the clinic was untimely in forwarding a copy of that request to ODH.  MetroHealth and Lorain Community Hospital, Inc., d.b.a. Lorain Community Hospital ("Lorain Community"), filed notices of intervention in the clinic's appeal.

On June 14, 1991, with the appeal pending before the CONRB, Cleveland Clinic and ODH entered into a settlement agreement.  Pursuant to that agreement on July 2, 1991, the director granted Cleveland Clinic a CON for the reclassification of twenty beds.  Thereafter, the clinic withdrew its appeal and the case was dismissed.

On August 1, 1991, MetroHealth and Lorain Community each filed a request for adjudication, appealing the director's grant to Cleveland Clinic of the twenty-bed CON.  Those appeals were consolidated for hearing.  The matter was referred to a hearing examiner, who recommended that the CONRB vacate the CON issued to Cleveland Clinic.  Consistent with the original denial of the director, that recommendation was based on evidence indicating a lack of need in the area and the potential for adverse impact to existing health care providers.

On September 16, 1992, the CONRB met to consider the recommendations of the hearing examiner and rule on Cleveland Clinic's application.  The effectiveness of that meeting, however, was frustrated by the fact that only six members of the nine-member board were present to vote.  R.C. 3702.60(D) provides, in pertinent part:

"[I]f a majority of the members of the board, after due consideration and deliberation, fails to approve or disapprove the decision of the hearing examiner or to remand the decision to the hearing examiner * * * the decision or ruling of the director of health shall be considered as the final decision or order of the board * * *."

In the instant case, two board members voted in favor of adopting the recommendation of the hearing examiner and three members opposed.  The chairman of the board refused to vote, noting that attainment of a majority was impossible.  As a result, contrary to all findings on the merits of the case, the CONRB issued an order stating that:

---

1.  In a companion case, this court held in *State ex rel. Parma Community Gen. Hosp. v. Kilroy* (Nov. 17, 1992), Franklin App. No. 91AP–1000, unreported, 1992 WL 341381, that the "deemer" provision is not here applicable.

"[D]ue to the Board's failure to obtain a majority vote regarding the Findings of Fact in the matter of The Cleveland Clinic Foundation, * * * the automatic adoption provision found at § 3702.60, Ohio Revised Code prevails * * * and the decision of the Director, granting a certificate of need to The Cleveland Clinic Foundation, IS SUSTAINED."

From this order of the CONRB, MetroHealth timely appealed to this court on October 13, 1993. Cleveland Clinic cross-appeals, raising the following assignments of error:

"1. The determination of the Director of Health to grant a modified certificate of need is supported by reliable, probative and substantial evidence.

"2. The Hearing Examiner unlawfully applied the bed need formula for the inpatient short-term physical rehabilitation beds, contrary to the plain and unambiguous language of Rules 3701–59–02 and 3701–12–216 of the Ohio Administrative Code.

"3. The Hearing Examiner improperly ignored reliable, probative, and substantial evidence demonstrating the special need of The Cleveland Clinic Foundation to establish a twenty-bed short-term tertiary physical rehabilitation unit.

"4. The Hearing Examiner's determination that The Cleveland Clinic Foundation's inpatient physical rehabilitation unit will have a materially adverse impact on MetroHealth Medical Center or other existing facilities is not supported by the evidence."

By its first assignment of error, MetroHealth challenges ODH's jurisdiction to modify its original denial of Cleveland Clinic's CON application in two major respects. MetroHealth argues that (1) absent a remand to ODH, the CONRB had exclusive jurisdiction over the application once Cleveland Clinic sought review of the original ODH denial; and (2) Cleveland Clinic failed to timely perfect its appeal from the ODH denial, thereby depriving ODH of its jurisdiction to modify the order.

As a threshold matter, we note that the authority to reconsider and modify decisions is an implied power of ODH, this power being the necessary counterpart of the underlying authority to grant and deny CON applications. In *In re Charter Hosp. of Cincinnati* (Dec. 27, 1990), Franklin App. No. 90AP–960, unreported, 1990 WL 212629, this court held that the power of ODH to modify its orders may be reasonably inferred from the agency's express powers as provided by R.C. 3702.52(A)(3). In *In re Charter Hosp. of Cincinnati*, as in the instant case, ODH issued a modified CON pursuant to a settlement agreement with the hospital. Recognizing that resolution by settlement is generally favored, we upheld ODH's authority to modify CON applications with the participation of the

applicant. See *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324.

In an attempt to deny ODH this authority, MetroHealth asserts that, once an appeal is taken to the CONRB, ODH is divested of jurisdiction to reconsider its decisions. MetroHealth supports this assertion by likening administrative appeals from ODH to the CONRB to judicial appeals. By creating this parallel, MetroHealth finds support for its position in the general rule that, once an appeal is filed, the lower forum loses jurisdiction to revisit its original decision absent a remand.

Contrary to MetroHealth's position, we find this rule inapplicable to the internal inter-agency procedures which exist in the instant case. Rather, the rule applies only to judicial review of final administrative orders resulting from adjudication. This distinction was set out in *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, wherein the Ohio Supreme Court, at paragraph two of the syllabus, held:

"Generally, administrative agencies have inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider. The agencies retain jurisdiction to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary. * * *" See, also, *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.* (1989), 46 Ohio St.3d 12, 544 N.E.2d 687.

Consistent with *Hal Artz Lincoln–Mercury* and *Lorain Edn. Assn.*, we hold that ODH retains jurisdiction to modify its decisions without remand until such time as there is a judicial appeal. Judicial appeals of agency decisions are generally provided for in R.C. 119.12, which reads, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *."

While R.C. 119.12 specifically contemplates appeals to the common pleas court, the same standard applies in determining entitlement to a judicial appeal before our court of appeals. Referring again to *In re Charter Hosp. of Cincinnati,* we recognize that "[t]he proceedings by which ODH grants or denies a CON are not 'adjudications' subject to R.C. Chapter 119." *Id.* at 17. Rather, the function of ODH is to independently investigate applications and render a decision based on the collected information. Applicants have no opportunity before ODH to formally present evidence or cross-examine witnesses. *In re Timken Mercy Med. Ctr.* (1991), 61 Ohio St.3d 81, 572 N.E.2d 673. For this reason, an ODH decision is not an adjudication from which a judicial appeal may

be taken. In the CON process, a final appealable order from an adjudication is had only upon issuance of a CONRB decision.

For the foregoing reasons, we hold that, until a judicial appeal is taken from an order of the CONRB, ODH retains jurisdiction to revisit and modify its decisions.

■ Alternatively, MetroHealth argues that, since Cleveland Clinic failed to timely perfect its appeal from ODH's original denial of the CON, ODH is divested of its jurisdiction to modify the order.

R.C. 3702.60, previously R.C. 3702.58, requires that an appellant serve the director with a copy of the appeal within three days of its filing with the CONRB. In the instant case, Cleveland Clinic filed its appeal to the CONRB on February 19, 1991. However, notice of that appeal was not forwarded to the director until February 26, 1991, thus making that notice untimely by seven days. Since that error was not corrected within the requisite thirty days for perfecting an appeal, MetroHealth argues that jurisdiction to reconsider the decision was lost for all time.

In the absence of case law dispositive of this issue, we are guided by the principles set forth in *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801. In that case, the plaintiff (Goolsby) filed a complaint on February 6, 1986, but instructed the clerk not to attempt service. On July 17, 1987, the clerk was instructed to serve the complaint. That instruction was made two days prior to the expiration of the two-year statute of limitations. Service was perfected six days later. Plaintiff subsequently dismissed that action and, on June 27, 1989, refiled it pursuant to the saving statute, R.C. 2305.19. In response, defendant filed a motion to dismiss, asserting that the saving statute was inapplicable, since the action had not been properly commenced within the requisite one year of the February 6, 1986 filing.

The Ohio Supreme Court was posed with the question of whether or not the original action was timely commenced so as to trigger the saving statute. The court recognized that, at the time instructions for service were given, Goolsby could have dismissed the action and refiled it within rule. For that reason, the court held the instruction to be the equivalent of a refiling, thereby affording Goolsby one year from the date of that instruction to commence the suit.

Applying parallel reasoning to the case at bar, we find the untimely notice to the director to be non-fatal to Cleveland Clinic's appeal. At the time that notice was sent, the clinic was still within the thirty days afforded parties for perfection of appeals. As such, had Cleveland Clinic noticed its error, it could have properly refiled and sent notice with the exact same result. Accordingly, we hold the February 26, 1991 notice to be the equivalent of a refiling and find MetroHealth's argument to the contrary to be without merit.

MetroHealth's first assignment of error is overruled.

With regard to MetroHealth's second assignment of error, we find the issues raised in that challenge to be moot for the reasons set forth in our address to assignment of error number three.

By its third assignment of error, MetroHealth argues that the CONRB's automatic adoption of the deemed ODH order was made in violation of its constitutional due process and equal protection rights. In the instant case, both the director and the hearing examiner made factual findings which indicated a lack of need for the CON here at issue. Additionally, both found that issuance of the CON would result in an adverse impact to the area's existing health care system. Nonetheless, a CON was ultimately granted for reasons not necessarily related to the merits of the application.

The first reason was the compromise of the appeal of the director's original decision which was reached while that appeal was still pending before the CONRB. The second reason was the CONRB's failure to obtain the number of votes needed to decide the merits of the application, thereby "deeming" the original deemer pursuant to R.C. 3702.60(D). As a result, a CON issued which was contrary to every finding of fact made during the course of the CON process.

Addressing MetroHealth's due process challenge, we begin our consideration with the now familiar two-part analysis articulated in *Kentucky Dept. of Corrections v. Thompson* (1989), 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506. On review, we must determine whether MetroHealth was deprived of a protected property interest and, if so, what process was due.

Initially, we hold that MetroHealth had a protected property interest in the administrative procedures granted by the state in R.C. Chapter 3702. *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265. Of particular importance is R.C. 3702.60, which provides that affected persons are entitled to adjudication of their claims before the CONRB. In the instant case, MetroHealth asserts denial of its right to an adjudication because, due to the CONRB's failure to issue an order based on the merits of its appeal, it was deprived of a meaningful hearing and consideration of its claim.

In *Logan*, the United States Supreme Court held that statutes conferring a right to administrative adjudication create a protected property interest in such procedures. While a state is certainly not obligated to confer such a right, once it does it may not later permit its deprivation without due process. In *Logan*, it was contended that, when an entitlement arises purely by statute, the legislature may exercise its own prerogative in determining what process that entitlement is due. In finding this argument to be without merit, the *Logan* court noted that, since " 'minimum [procedural] requirements [are] a matter of federal law, they

are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action.' " *Logan*, 455 U.S. at 432, 102 S.Ct. at 1155, 71 L.Ed.2d at 275; see, also, *Vitek v. Jones* (1980), 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552.

Having found a property interest in the administrative adjudication of a CON application, we must now consider what process is due and determine whether the procedures set up by the state provide adequate protection of an applicant's rights. On this issue, we find that the process of appeal to the CONRB fails to rise to the level of adequate due process. As provided by statute, the CONRB is to be a board of nine members. However, in reality, it rarely functions as a nine-member board, since it is not uncommon for members to decline participation. As a result, in the cases recently before this court, we have found it to be rare that the board is able to achieve the majority needed for action based on the merits of a claim.

The establishment of a board which, in practice, does not decide claims on their merits is clearly insufficient process. Again referring to *Logan*, we are persuaded by the court's holding that claimants are entitled to consideration of the merits of a claim based on the substantiality of available evidence. *Logan*, 455 U.S. at 434, 102 S.Ct. at 1157, 71 L.Ed.2d at 277. A similar conclusion was reached by the Ohio Supreme Court in *In re Timken Mercy Med. Ctr.*, wherein the court found that the CONRB is not limited to review of ODH decisions. Rather, the CONRB is required to consider the evidence presented on applications and reach a conclusion based on that evidence. As they have not done so in this case, the third assignment of error is sustained. This cause is remanded for a hearing before the CONRB with participation of the board members as their offices require.

For the foregoing reasons, MetroHealth's first assignment of error is overruled. MetroHealth's third assignment of error is sustained, thus rendering the second assignment of error and all of cross-appellant's assignments of error moot. The judgment of the trial court is reversed and this cause is remanded to the CONRB for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and TYACK, JJ., concur.