DECISION AND JUDGMENT ENTRY
This appeal comes to us from an administrative appeal to the Gallia County Court of Common Pleas which reviewed the decision of Defendant-Appellee Gallia-Vinton Educational Service Center to terminate the employment of Plaintiff-Appellant Tami A. Bay. Instead of addressing the validity of the termination, the trial court reformed one of appellant's employment contracts and effectuated appellee's subsequent "non-renewal" of that contract.
We find that the trial court erred as a matter of law by referring to matters outside the transcript in rendering its decision. Further, we find that appellee was without authority to modify its decision after appellant had filed a notice of appeal with the lower court. Accordingly, we reverse the trial court.
 STATEMENT OF THE CASE AND FACTS
In February 1998, Defendant-Appellee Gallia-Vinton Educational Service Center hired Plaintiff-Appellant Tami A. Bay as an administrative associate.
Over the course of her employment with appellee, appellant's employment was governed by three separate contracts.
The first contract provided that appellant would work for appellee from February 2, 1998 through January 31, 1999. The second contract employed appellant from July 1, 1998 through June 30, 1999. The third contract employed appellant from July 1, 1999 through June 30, 2001.
In April 2000, after notice and a hearing, appellee terminated appellant, "pursuant to the provisions of [R.C. 3319.081,] for incompentency [sic], inefficiency, neglect of duty and other acts of misfeasance, malfeasance, and nonfeasance * * *." Appellant's last day of work was to be April 7, 2000.
Shortly thereafter, appellant filed a notice of appeal, pursuant to R.C. Chapter 2506, with the Gallia County Court of Common Pleas.
In May 2000, after appellant had filed her notice of appeal, appellee had a meeting and passed a motion that purported to "non-renew" appellant's second contract "on the basis that the second contract was a limited contract; should have been for a period of two years and does expire on June 30, 2000."
Appellee then filed with the trial court what it titled a "motion to dismiss." In this motion, appellee argued the following:
The requirements of [R.C. 3319.081] with regard to sequence of contracts must prevail over the sequence as agreed to by [appellee] and the employee in this case. Since [appellee] and the employee voluntarily entered into the second contract which interrupted the first and since, by law, the second contract should have been a two year contract, the second contract ended on June 30, 2000. Because [appellee] took action to non-renew [appellant's] two year contract (July 1, 1998 — June 30, 2000) at its May 4, 2000 meeting and gave her notice * * *, her employment * * * ended as of June 30, 2000 and she had no further employment rights beyond that date.
Accordingly, appellee maintained, it would "rescind its action terminating [appellant's] employment contract upon a finding by [the trial court] that [appellant] was legally non-renewed by [appellee] effective June 30, 2000, and shall pay to [appellant] her salary from April 7, 2000 to June 30, 2000."
Shortly thereafter, the trial court issued its entry that, in pertinent part, read as follows:
After full consideration of the facts and law * * *, the Court finds * * *:
The first contract received by [appellant] is reformed by this Court to expire on June 30, 1998.
The second contract * * * is reformed to be a two year contract beginning July 1, 1998 and expiring on June 30, 2000.
The reformation of the contracts in paragraphs 1 and 2 is in accordance with [R.C. 3319.081(A)], wherein the contract for a "newly hired regular non-teaching school employee * * * shall be for a period of not more than one year" and "their subsequent contract shall be for a period of two years." [Appellee] non-renewed [appellant's] second contract at its [May 2000] meeting and she received notice of this action * * *. This action was in accordance with [R.C. 3319.083].
Accordingly, the trial court adopted the proposal set out in appellee's motion: it held that appellant's term of employment ended on June 30, 2000, and ordered appellee to compensate appellant at her contractual rate of pay from April 7, 2000 through June 30, 2000. Additionally, the trial court ordered appellant to pay court costs.
From this order, appellant timely filed an appeal with this Court, assigning the following error for our review.
THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN GRANTING THE DEFENDANT/APPELLEE BOARD'S MOTION TO DISMISS PLAINTIFF/APPELLANT'S ADMINISTRATIVE APPEAL AFTER RETROACTIVELY `REFORMING' AN EXPIRED EMPLOYMENT CONTRACT, WHICH CONTRACT WAS THE SUBJECT OF THE BOARD'S PURPORTED POST APPEAL NON-RENEWAL ACTION[.]
 ANALYSIS
R.C. Chapter 2506 governs appeals from orders of administrative officers and agencies. See R.C. 2506.01 — 2506.04. The standards of review to be employed by courts of common pleas and appellate courts in such cases is distinct. As the parties appear to have confused these standards in their briefs to this Court, we find it worthwhile to briefly explore them.
The Supreme Court of Ohio, in Henley v. City of Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 735 N.E.2d 433, provided guidance as to the appropriate standard for courts of common pleas to apply in administrative appeals. "The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Id. at 147, 735 N.E.2d at 438; see Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 693 N.E.2d 219; Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 389 N.E.2d 1113.
On the other hand, the standard of review to be employed by appellate courts is "more limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848, 852. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4.
It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261,533 N.E.2d 264, 267.
Within the foregoing framework, we will consider the case sub judice.
I. Review Limited to Transcript
As the Henley Court explained, the court of common pleas, in applying its standard of review, is not to consider evidence outside of the record unless it comports with R.C. 2506.03. See Dvorak v. Municipal Civil Service Commission of City of Athens (1976), 46 Ohio St.2d 99,346 N.E.2d 157 (holding that the court of common pleas may not consider matters outside the transcript of the hearing below unless one of the conditions specified in R.C. 2506.03 applies).
R.C. 2506.03, in relevant part, provides the following.
[T]he court shall be confined to the transcript * * * unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies: (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from * * *.
(3) The testimony adduced was not given under oath;
(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from * * *;
(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;
If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. * * *.
R.C. 2506.03(A).
Here, the trial court based its decision entirely on circumstances that had occurred after appellant filed her notice of appeal; none of the evidence pertaining to appellee's non-renewal of the second contract was part of the transcript of the hearing concerning the termination of appellant.
We find nothing in the record, or in any documents filed with the trial court or this Court, averring that any of the enumerated exceptions set forth in R.C. 2506.03 apply. See, e.g., Reese v. Copley Township (May 31, 1995), Summit App. No. 17002, unreported (Holding that the appellant "did not file an affidavit, nor * * * argue that any * * * exceptions * * * under R.C. 2506.03(A) were applicable. As such, R.C. 2506.03(A)(5) did not apply * * * [and] [t]he trial court was * * * required to limit its review to the transcript * * *.").
Accordingly, we find that the trial court erred as a matter of law by considering evidence outside the transcript of the hearing concerning the termination of appellant.
II. Authority to Modify Decision
We also find that appellee was without authority to modify its decision after appellant had filed a notice of appeal with the trial court.
"When a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of its inherent jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary." Lorain Educ. Ass'n v. Lorain City School Dist. Bd. of Educ. (1989), 46 Ohio St.3d 12, 544 N.E.2d 687, syllabus.
As we are unaware of a statute stating otherwise, appellee had no authority to vacate its prior decision and pass a motion non-renewing any of the contracts after appellant had filed her notice of appeal with the lower court. See id.
For purposes of our review, the foregoing analysis is dispositive of this appeal. Consequently, we have no reason to address the seeming noncompliance of the contracts with R.C. 3319.081.
Appellant's sole assignment of error is SUSTAINED.
 CONCLUSION
In sum, the trial court lost its way. Instead of completing its straightforward task of reviewing the decision to terminate appellant, it embarked on an erroneous analysis of a subsequent, improper action taken by appellee. See, generally, R.C. 3319.081(C) (The objective of a court of common pleas that is reviewing a decision of a school board is to simply "affirm, disaffirm, or modify the action of the school board.").
For the foregoing reasons, we SUSTAIN appellant's assignment of error and REVERSE the judgment of the Gallia County Court of Common Pleas. The cause is REMANDED for further proceedings not inconsistent with this opinion.