This cause was heard upon the record in the trial court and the following disposition is made:
 DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-Cross-Appellee, Gaetono Cicchini aka Guy Cicchini, appeals and Appellee-Cross-Appellant, Mary Ann Galmish, cross-appeals from an order of the Stark County Court of Common Pleas that indicated that it had already denied Cichinni's request to decrease a 1997 award of attorney fees and that denied Galmish's request to increase that same award. Because the order appealed from is not final and appealable, the appeal and cross-appeal are dismissed.
 {¶ 2} By judgment entries filed in October 1997, the Stark County Court of Common Pleas entered judgment on a jury verdict in favor of Galmish on her action against Cicchini and awarded her over one million dollars in compensatory and punitive damages and attorney fees equal to one-third of the total damage award. Cicchini appealed those judgments, which were reversed by this court. See Galmish v. Cicchini (June 2, 1999), 5th Dist. Nos. 97CA00326 and 97CA00403. On appeal to the Supreme Court of Ohio, however, this court's judgment was reversed and the trial court's judgment, including the award of attorney fees, was reinstated. See Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 36. The Supreme Court directly addressed Cicchini's challenge to the award of attorney fees and found it to be without merit. See id. at 35-36. Having resolved all issues in the case, the Supreme Court reinstated the trial court's judgment "in its entirety" and upheld the trial court's judgments "on the issues of prejudgment interest and attorney fees[.]" Id. at 36. No issues were remanded to this court or the trial court.
 {¶ 3} After issuing its decision, the Supreme Court ordered the trial court to carry its original judgment into execution. Garnishment proceedings commenced. Galmish's former attorney was permitted to intervene on the issue of payment he was allegedly due for legal services rendered. By judgment entry filed October 20, 1997, the trial court had approved a one-third contingency fee based on an oral reduction by Galmish's current counsel of the fifty percent contingency fee that Galmish had agreed to by contract. Galmish's former counsel contended that her current counsel had no authority to agree to a reduction of his portion of the contingency fee. On January 11, 2001, the trial court reinstated a fifty percent contingency fee, but indicated that its decision only affected the fees that were due from Galmish to her counsel and did not affect the amount of fees to be paid by Cicchini. Galmish did not appeal that order.
At about the same time, Cicchini moved the trial court to correct an alleged clerical error in the calculation of attorney fees in the trial court's October 29, 1997 judgment entry. On January 19, 2001, the trial court held a hearing on the issue of the alleged error in the calculation of attorney fees. At the hearing, the parties disputed whether there had been a clerical error and, if so, what the correct calculation was.
At the hearing, Galmish also orally raised the issue of increasing the attorney fees owed by Cicchini, given that she was now required to pay her counsel fifty percent of the damages recovered rather than one-third. Galmish filed a one-half-page motion to that effect on January 22, 2001.
At the January 19 hearing, the trial court had instructed the parties to submit an agreed entry on the alleged clerical error or, if an agreement could not be reached, each party was to submit his or her own calculations. No agreed entry was ever submitted. On January 29, 2001, Cicchini submitted his calculations. On February 6, 2001, because the trial court had not received calculations from both parties, it denied Cicchini's request to correct the judgment. No appeal was taken from that order.
Instead, that same day, Cicchini moved the trial court to reconsider its decision. On February 20, 2001, the trial court denied Cicchini's motion for reconsideration. Cicchini subsequently filed additional materials with the trial court on the alleged clerical error.
On July 16, 2001, among other things, the trial court denied Galmish's request to increase the attorney fee award to fifty percent of the total damages awarded by the jury. In that same order, the court also indicated that it had previously denied Cicchini's motion for reconsideration on the alleged clerical error. From that July 16, 2001 order, Cicchini appeals and Galmish cross-appeals, assigning a total of three errors for review.
Before reaching the merits of this appeal and cross-appeal, we must determine whether this court has jurisdiction to review the order appealed by the parties. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ.(1989), 44 Ohio St.3d 86, 88. R.C. 2505.02(B)(1) provides that an order"that affects a substantial right in an action that in effect determinesthe action and prevents a judgment" is final and appealable. The trialcourt's July 16, 2001 order, as it pertains to these parties, did notaffect any substantial right.
During January 2001, both parties sought modification of the trialcourt's 1997 award of attorney fees to Galmish. At that point, more thanthree years after the trial court's original attorney fee award, CivilRule 60 provided "the exclusive procedure to be followed and the groundswhich must be present in order to vacate a judgment." (Emphasis sic.)McCue v. Buckeye Union Ins. Co. (1979), 61 Ohio App.2d 101, 104. Even ifCicchini's motion requesting the correction of an alleged clerical errorwas arguably cognizable under Civ.R. 60(A), the trial court denied thatmotion on February 6, 2001.[1] That was a final order and anychallenge to the merits of that determination should have been filedwithin thirty days. See App.R. 4(A). Cicchini filed no appeal from theFebruary 6 order but instead moved the trial court to reconsider itsdecision. Although interlocutory trial court orders are subject toreconsideration, final orders are not. Pitts v. Ohio Dept. of Transp.(1981), 67 Ohio St.2d 378, 379. A motion for reconsideration of a finaltrial court judgment is a nullity. Id. The Supreme Court has repeatedlyheld that a motion for reconsideration is a nullity "because Civ.R.60(B), in pertinent part, states that: `* * * the procedure for obtainingany relief from a judgment shall be by motion as prescribed in theserules.' * * * Hence, since a motion for reconsideration is not recognizedand, in any event, does not meet any of the prongs of R.C. 2505.02, adenial of such a motion does not present a final appealable order. Thesame would be true for a bare `motion to vacate.'" Lorain Edn. Assn v.Lorain City School Dist. Bd. of Edn. (1989), 46 Ohio St.3d 12, 17(Douglas, J., concurring). Because Cicchini essentially appeals from thesecond denial of his motion for reconsideration, it is not a finalappealable order and his appeal is dismissed for lack of jurisdiction.
Galmish appeals from that same order, assigning error to the aspect ofthe order that denied her "motion for post-judgment modification." Inher motion, Galmish asked the trial court to adjust the attorney feesthat it had awarded in its 1997 order. As noted above, the exclusivemeans by which Galmish could challenge that order was Civ.R. 60. In herone-half-page motion, however, Galmish failed to set forth any groundsfor relief under Civ.R. 60(B). As noted in Lorain Edn. Assn,46 Ohio St.3d at 17, the denial of a bare "motion to vacate" does not constitutea final appealable order. Moreover, because Galmish did not caption hermotion as one for relief from judgment, nor did she even mention Civ.R.60, this court is not inclined to construe the motion as one properlycognizable under Civ.R. 60. See Stein v. Wyandotte Wine Cellars, Inc.(1993), 88 Ohio App.3d 477, 479. As there is no provision in the civilrules for Galmish's "motion for post-judgment modification," the trialcourt's ruling on it was not a final appealable order. See Nerren v.Nerren (Apr. 9, 1997), 9th Dist. No. 96CA0047, at 4. Consequently,Galmish's cross-appeal is dismissed for lack of jurisdiction.
As neither party has appealed from a final appealable order, the appealand cross-appeal are dismissed for lack of jurisdiction.
Appeal and Cross-Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to the parties equally.
Exceptions.
SLABY, BAIRD, J. BATCHELDER, J., CONCUR.
(Slaby, P.J., Presiding Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Baird, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Batchelder, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
[1] Although Cicchini contends that the trial court never ruled on his motion, that contention is not supported by the record.