STEIN, d.b.a. Lazelle Street Graphics, Appellee,

v.

WYANDOTTE WINE CELLARS, INC., d.b.a. Wyandotte Winery
and Wm. Graystone Winery, et al., Appellants.

[Cite as *Stein v. Wyandotte Wine Cellars, Inc.* (1993), 88 Ohio App.3d 477.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1723.

Decided June 30, 1993.

*Carlile, Patchen & Murphy, Laurence E. Sturtz, Perry M. Chappano* and *Jan E. Hensel,* for appellee.

*Mueller & Smith Co., L.P.A., Jerry K. Mueller, Jr.* and *John A. Molnar, Jr.,* for appellants.

———————

TYACK, Judge.

On June 24, 1992, Lisa N. Stein, d.b.a. Lazelle Street Graphics, filed an application to have the Franklin County Court of Common Pleas appoint an arbitrator to address issues stemming from a contract between Stein and Wyandotte Wine Cellars, Inc., d.b.a. Wyandotte Winery and Wm. Graystone Winery.

On July 17, 1992, the trial judge filed a decision indicating that the application should be denied. On the same day, the trial court filed a judgment entry which read:

"For the reasons stated in the court's decision of July 16, 1992, the application for appointment of an arbitrator pursuant to R.C. 2711.04, is *DENIED.*"

On July 22, counsel for Stein filed a motion entitled "Motion to Reconsider." The body of the motion read:

"Counsel for plaintiff respectfully requests this Court to reconsider its July 16, 1992 Decision, because it has misunderstood the facts in this case."

The motion to reconsider did not refer to any of the Rules of Civil Procedure. The memorandum in support ended with the following sentence:

"Therefore, the Court is respectfully requested to review its July 16, 1992 Decision, and either order arbitration before the American Arbitration Association or select an arbitrator."

The trial court did not treat the motion as a nullity, but instead filed a decision which reached an opposite conclusion from its earlier decision. On August 21, 1992, the trial court filed two judgment entries, one purporting to sustain the motion to reconsider and one purporting to appoint an arbitrator. The record reveals several other filings thereafter.

On December 14, 1992, a notice of appeal was filed. The parties filed their respective briefs and waived oral argument. After the time set for oral argument, this court requested briefs from the parties on the issue of whether the filing of the motion to reconsider and other documents subsequent to that motion were a nullity. Counsel for Stein has filed a brief acknowledging that the Supreme Court of Ohio has repeatedly ruled that a motion for reconsideration following final judgment is a nullity. See, for instance, *State ex rel. Pendell v.*

*Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 531 N.E.2d 713, and *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105. However, we are requested to treat the motion as a motion for relief from judgment pursuant to Civ.R. 60(B).

Not surprisingly, counsel for Wyandotte Wine Cellars, Inc. has filed a brief indicating that the motion was a nullity and that the original judgment entry filed in July 1992 should stand.

Nothing in the body of the motion refers to Civ.R. 60(B). No affidavits or evidentiary material were appended to the motion. The motion simply indicates that the trial judge had misunderstood the situation and had reached the wrong result.

We are not inclined to treat the motion as anything other than what it claimed to be—a motion to reconsider. As a motion to reconsider filed in a trial court after final judgment has been rendered, the motion and all motions following it are a nullity.

We also choose to follow our own ruling in *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 16 OBR 184, 475 N.E.2d 164. Since no notice of appeal was filed within the time allowed following the judgment entry of July 17, 1992, we are without subject matter jurisdiction to address the assigned errors. The appeal is therefore dismissed because of the lack of subject matter jurisdiction.

*Appeal dismissed.*

KERNS, J., concurs.

WHITESIDE, J., dissents.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, Judge, dissenting.

Since I am unable to concur in the majority opinion, I must respectfully dissent.

The July 16, 1992 order denied an application for appointment of an arbitrator pursuant to R.C. 2711.04. Such an order has been held not to be a final appealable order under R.C. 2505.02 since it is interlocutory. *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195; *Pewter Mug v. M.U.G. Enterprises, Inc.* (1975), 46 Ohio App.2d 93, 75 O.O.2d 78, 345 N.E.2d 426. We are bound by the syllabus rule of *Gen. Elec.* that such an order is not a final, appealable order under R.C. 2505.02.

However, the legislature amended R.C. 2711.02, effective May 31, 1990, to provide that "[a]n order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed * * * on appeal pursuant to the Rules of Appellate Procedure * * *." Thus, the July 16, 1992 order is appealable under R.C. 2711.02, even though it is not a final appealable order under R.C. 2505.02.

However, the appellate rules, which R.C. 2711.02 expressly provides controls appeals under that section, were amended, effective July 1, 1992, to change App.R. 4(B)(5) to provide, as follows:

"*Partial Final Judgment or Order.* If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)."

The July 16, 1992 order did not dispose of any of the case as against any party. Thus, under App.R. 4(B)(5), defendant had an option whether to appeal immediately or to appeal after the case is determined as to all claims. The same is true of the August 21, 1992 order which stayed the case, ordered arbitration and appointed an arbitrator. It is a final order under R.C. 2711.02, but appeal may be deferred under App.R. 4(B)(5).

The appeal herein is from the order of November 12, 1992, which denied a stay of the arbitration (not the case) ordered by the August 21, 1992 order. Such an order is not by the terms of either R.C. 2711.02 or 2505.02 an appealable order.

Furthermore, defendants were not aggrieved by the July 16, 1992 order which was favorable to them. They were, however, aggrieved by the August 21 and November 12, 1992 orders. However, dismissal of the appeal is appropriate since it is premature, no immediate appeal having been taken, making the order appealable only after final disposition of the case in the trial court.