DAWSON et al., Appellants,

v.

COMPTON et al., Appellees.

[Cite as *Dawson v. Compton,* 176 Ohio App.3d 339, 2008-Ohio-2328.]

Court of Appeals of Ohio,
Fifth District, Knox County.

No. 07CA000024.

Decided May 13, 2008.

Noel B. Alden, for appellants.

John W. Aebi, for appellees.

DELANEY, Judge.

{¶ 1} Plaintiffs-appellants, David E. Dawson and Nancy L. Dawson, appeal the decision of the Knox County Court of Common Pleas to grant the motion to reconsider of defendants-appellees, Michael Compton and Ronald Wilson.

## STATEMENT OF THE CASE [1]

{¶ 2} Appellants commenced this matter by filing a complaint alleging a prescriptive easement on appellees' property. The trial court issued a temporary restraining order and then set the matter for a preliminary injunction hearing.

{¶ 3} The trial court denied appellants' motion for a preliminary injunction. The case was set for a bench trial on June 18, 2007. On July 9, 2007, the trial court issued its findings of facts and conclusions of law, finding in favor of appellants that a prescriptive easement did exist on appellees' property.

{¶ 4} Appellees filed a motion to reconsider on July 11, 2007. On July 27, 2007, appellants filed a notice of appeal of the trial court's July 9, 2007 decision. (*Dawson v. Compton*, Knox County, Case No. 07CA000020).

{¶ 5} The trial court granted appellees' motion to reconsider on August 10, 2007. Appellants dismissed their appeal on August 15, 2007, due to the trial court's decision on August 10, 2007. Appellants then filed the present appeal of the trial court's decision to grant appellees' motion to reconsider on August 24, 2007.

{¶ 6} Appellants raise two assignments of error:

{¶ 7} "I. The trial court erred in granting defendants' motion to reconsider.

{¶ 8} "II. The trial court erred in holding there was a permissive use of the lane."

## I

{¶ 9} Appellants argue in their first assignment of error that the trial court erred in granting appellees' motion to reconsider. We agree.

{¶ 10} The trial court issued its judgment on July 9, 2007. Appellants filed their notice of appeal from the trial court's original judgment on July 27, 2007. As stated above, this timely appeal was number 07CA000020.

{¶ 11} On July 11, 2007, appellees filed a motion to reconsider. After the trial court sustained the motion on August 10, 2007, appellants dismissed their original

---

1. We find that a statement of the facts is not necessary for the disposition of this appeal.

appeal. On August 24, 2007, appellants filed the present appeal of the trial court's decision to grant appellees' motion to reconsider.

{¶ 12} As a first matter, the Civil Rules do not permit a motion to reconsider a final judgment from a court of original jurisdiction. *Poulton v. Am. Economy Ins. Co.*, 5th Dist. Nos. 2002CA00038 and 2002CA00061, 2002-Ohio-7214, at ¶ 45, citing *Stein v. Wyandotte Cellars, Inc.* (1993), 88 Ohio App.3d 477, 624 N.E.2d 308.

{¶ 13} We find that the trial court lacked jurisdiction to enter the judgment granting appellees' motion to reconsider on August 10, 2007. The July 9, 2007 judgment was not only final, but the notice of appeal of July 27, 2007, invoked this court's jurisdiction. Each of these facts deprives the trial court of jurisdiction to reconsider.

{¶ 14} Accordingly, we sustain appellants' first assignment of error, reverse the trial court's judgment of August 10, 2007, finding that appellants do not have a prescriptive easement and hereby reinstate the trial courts original decision of July 9, 2007, pursuant to App.R. 12(B).

## II

{¶ 15} Appellants' second assignment of error was conditioned upon this court's determination of their first assignment of error. Having sustained appellants' first assigned error, we need not address appellants' second assigned error.

{¶ 16} The August 10, 2007 judgment of the Knox County Court of Common Pleas is hereby reversed, we reinstate the trial court's original decision of July 9, 2007, and we enter judgment as a matter of law in favor of appellants, pursuant to App.R. 12(B).

*Judgment accordingly.*

HOFFMAN, P.J. and FARMER, J., concur.