[Cite as *In re Estate of Weaver*, 2018-Ohio-4204.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Estate of: | : | Case No. 18CA11 |
| | : | |
| Kenneth Sterling Weaver, | : | **DECISION AND** |
| Deceased | : | **JUDGMENT ENTRY** |
| | : | |
| | : | **RELEASED: 10/15/18** |

_____

After reviewing the notice of appeal filed by Appellant Phillip Allen David Williams, Executor of the Estate of Kenneth Sterling Weaver, Deceased, this Court issued a Magistrate's Order directing Appellant to file a memorandum addressing whether the entry being appealed is a final appealable order. Appellee Howard Richard Lovenshimer filed a motion to dismiss on the same ground. Mr. Williams has filed a response to the Magistrate's Order and a memorandum in opposition to the motion to dismiss. After reviewing the filings, we find that the appealed entry is not a final appealable order and **DISMISS** this appeal.

I.

Mr. Weaver died in October 2017 and an estate was opened shortly thereafter naming Mr. Williams as the executor. Mr. Lovensheimer filed a claim against the estate asserting that he was entitled to reimbursement of the cost of Mr. Weaver's funeral. Mr. Williams filed a motion to strike the claim against the estate arguing that the claim had previously been presented and rejected by the estate thereby requiring Mr. Lovensheimer to commence an action in the Common Pleas Court of Pickaway County against the estate[1] in order to prove the claim was justified. Mr. Williams argued that

_____

[1] R.C. 2117.12 states, "When a claim against an estate has been rejected in whole or in part * * *, the

because Mr. Lovensheimer had not filed the action against the estate within two months of the claim being rejected, the claim should be stricken from the record. Mr. Lovensheimer then filed a five-day presentment of claim pursuant to R.C. 2117.11[2] and Mr. Williams filed a motion to strike the five-day presentment of claim.

On May 14, 2018, the Pickaway County Court of Common Pleas, Probate Division issued an entry overruling the motion to strike the claim. The court quoted a November 2017 letter from counsel to Mr. Lovensheimer and found that there was no plain and unequivocal statement therein that the claim was rejected. The court also noted that the funeral home bill was apparently still unpaid and the bill refers to the "liability imposed by law upon the estate." The court found "the Motion to Strike is not an appropriate determination for this court to make. A clear and unequivocal rejection by the Executor or allowance of the claim is the most expeditious remedy to move this estate along promptly." On May 16, 2018, the court issued an entry overruling the motion to strike the five-day presentment of claim for the same reasons stated in its May 14th entry.

Thereafter, Mr. Williams filed a motion for reconsideration which Mr. Lovensheimer opposed. On May 23, 2018, the trial court issued an entry overruling the motion for reconsideration. In that entry, the court noted that Mr. Lovensheimer had filed a complaint against Mr. Williams as the executor of the estate in Case No. 2018 CI

---

claimant must commence an action on the claim, * * * within two months after the rejection if the debt or that part of the debt that was rejected is then due, * * * or be forever barred from maintaining an action on the claim or part of the claim that was rejected."

[2] R.C. 2117.11 states that "[a] claim is rejected if the executor or administrator, or a distributee who receives the presentation of a claim as provided in division (A)(2) of section 2117.06 of the Revised Code, on demand in writing by the claimant for an allowance of the claim within five days, which demand may be made at presentation or at any time after presentation, fails to give to the claimant, within that five-day period, a written statement of the allowance of the claim. The rejection shall become effective at the expiration of that period."

128 in the Pickaway County Court of Common Pleas and that the Common Pleas Court would determine the issue of a valid claim or rejection in that action. On July 10, 2018, the court issued an identical entry but added the language "[t]here is no just cause for delay." On August 8, 2018, Mr. Williams filed his notice of appeal indicating he was appealing the July 10th entry.

II.

It is well established that an order must be final before it can be reviewed by an appellate court.  See Section 3(B)(2), Article IV of the Ohio Constitution.  See, also, *General Acc. Ins. Co. v. Insurance Co. of North American*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).  If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.  *Lisath v. Cochran*, 4th Dist. No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. No. 1507, 1992 WL 174718 (July 22, 1992). R.C. 2505.02 defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment," or "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."  R.C. 2505.02(B)(1) and (B)(2).

The term "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This Court has concluded that matters related to estate administration ordinarily constitute special proceedings. *Mayberry v. Chevalier*, 4th Dist. Hocking No. 17CA11, 2018-Ohio-781, at ¶ 11 (citations omitted). R.C. 2505.02(A)(1) provides that a "substantial right" is "a right that the United States

Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order that *affects* a substantial right is one which, if not immediately appealable, appropriate relief would be foreclosed in the future. Id. at ¶ 15. "It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order." Id., citing *In re Estate of Tewksbury*, 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, at ¶ 10.

It does not appear to this Court that any of the entries issued by the trial court constitute a final appealable order. The trial court denied motions to strike the claim against the estate and the five-day presentation of claim. Neither of these entries *affected* any right of Mr. Williams or the estate in that they did not determine whether or not the estate was liable for the claim. Moreover, assuming *arguendo* that either of these entries was a final appealable order, Mr. Williams did not file a notice of appeal from either the May 14th or May 16th denials of these motions. Rather, Mr. Williams filed an appeal from the trial court's denial of a motion to reconsider these entries.

It is well settled in this Court that motions for reconsideration are nullities. See *Anderson v. Edwards*, 4th Dist. Ross No. 96CA2212, 1996 WL 487932, at *1 (citations omitted). Consequently, judgments ruling upon motions for reconsideration are also nullities and the denial of a motion for reconsideration is therefore not a final appealable order. Id., citing *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.* (1989), 46 Ohio St.3d 12, 17, 544 N.E.2d 687, 691 and *Stein v. Wyandotte Wine Cellars, Inc.* (1993), 88 Ohio App.3d 477, 624 N.E.2d 308.

### III.

For these reasons, we find that the trial court's July 10, 2018 entry overruling

motion for reconsideration is not a final appealable order. We **GRANT** the motion to dismiss this appeal. **APPEAL DISMISSED. ANY PENDING MOTIONS ARE DENIED AS MOOT. COSTS TO APPELLANT.**

The clerk shall serve a copy of this decision and judgment entry on all counsel of record and unrepresented parties at their last known addresses by ordinary mail. **SO ORDERED.**

Abele, J. & McFarland, J.: Concur.

**FOR THE COURT**

_____
Marie Hoover
Administrative Judge